## Kennedy, Appellant, *v.* Bell Telephone Company of Pennsylvania.

306

Argued June 17, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, and JACOBS, JJ. (FLOOD and HOFFMAN, JJ., absent).

*Richard J. Green, Jr.,* with him *Green, Gibson & Abood,* for appellant.

*Morton Meyers,* with him *John B. King, R. D. Kreitler* and *Hubert Thurschwell,* for appellee.

OPINION BY JACOBS, J., September 16, 1965:

On September 18, 1959, The Bell Telephone Company of Pennsylvania, appellee herein, and hereinafter referred to as defendant, entered into a collective bargaining agreement with The Pennsylvania Telephone Union, Local 1944, of the International Brotherhood of Electrical Workers, AFL-CIO, hereinafter referred to as Union. Appellant, hereinafter referred to as plaintiff, was a member of the Union. The defendant was engaged in interstate commerce, within the

meaning of the Labor Management Relations Act, 61 Stat. 136, 29 U.S.C. §141 et seq.

Under Section 8.08 of the collective bargaining agreement it was provided that each regular employee of the defendant laid off as the result of "force surplus" would be paid a "layoff allowance" in accordance with a schedule based on the number of years the employee had been with the company. On July 1, 1960, the defendant sold its toll facilities in Johnstown to the General Telephone Company of Pennsylvania. As a result of said sale the plaintiff was laid off on June 30, 1960. Plaintiff who had been employed by the defendant for fourteen years now claims that such layoff entitled her to a layoff allowance under Section 8.08 of the collective bargaining agreement. She brought suit against the defendant on October 2, 1963, by action of assumpsit filed in the Court of Common Pleas of Cambria County.

Defendant demurred to the complaint on the ground that the plaintiff was bound to use the grievance and arbitration procedures set forth in the collective bargaining agreement and, not having alleged that she had utilized those procedures, could not sue in a court of law. Plaintiff answered the preliminary objections claiming that the collective bargaining agreement was no longer in effect when she learned that she had a claim resulting from her layoff which was twenty months after she had been discharged, at which time she was no longer an employee of the defendant nor was she a member of the Union, and that, therefore, the procedures for grievance and arbitration were no longer available to her. The court below sustained the demurrer and dismissed the complaint on the ground that the grievance and arbitration provisions of the contract were exclusive procedures which had not been invoked by the plaintiff. We find that the court below acted properly.

Section 10 of the collective bargaining agreement covers the subject of grievances. Subsection 10.01 provides as follows: "Grievances shall be presented by the employee affected, or by the Union for the employee affected to the Chief Operator, or other immediate management supervisor of such employee, in an effort to reach a mutually acceptable adjustment of the disputed matter. . . ."

This is followed by Subsection 10.02 which has the following provision: "If the matter is not adjusted to the satisfaction of the employee or Union, it may then be taken up with any higher ranking management supervisor in the traffic department having authority over the matter up to and including the general traffic manager, provided that the grievance is first reduced to writing. . . ."

The agreement then provides for binding arbitration under Section 11. The arbitration procedures are to begin: "If at any time a controversy arises between Union and Company regarding the true intent and meaning of any provision of this agreement, or regarding a claim that either party thereto has not fulfilled its obligations hereunder, upon written request of either party setting forth its contention, . . . ."

A lengthy discussion of this case is not required because it is controlled by *Republic Steel Corporation v. Maddox*, 379 U.S. 650, 85 S. Ct. 614, 13 L. Ed. 2d 580 (1965)[1]. In *Maddox* the plaintiff brought suit in an Alabama State Court against his employer for severance pay allegedly owed him under the terms of the collective bargaining agreement between his employer and his union, the plaintiff having been laid off by the employer. The appellate courts of Alabama

---

[1] In *Beebe v. Union Railroad Company*, 205 Pa. Superior Ct. 146, 208 A. 2d 16 (1965), we held *Maddox* to be controlling in a suit brought by a railroad employee.

held in favor of the plaintiff on the theory that state law applies to suits for severance pay and that under Alabama law the plaintiff was not required to exhaust the contract grievance procedures. The Supreme Court reversed the Alabama Courts holding that where an employer is engaged in interstate commerce within the meaning of the Labor Management Relations Act, supra, federal law governs suits for severance pay, that severance pay disputes are contract grievances and that an employee who has a grievance must attempt use of the contract grievance procedure agreed upon by employer and union as the mode of redress. We see no difference between the claim for severance pay made in *Maddox*, supra, and the claim for layoff allowance made in this case. Both parties to this suit use the terms interchangeably.

*Maddox* answers the only argument raised by the plaintiff which requires an answer to decide this case when it states, "And it cannot be said, in the normal situation, that contract grievance procedures are inadequate to protect the interests of an aggrieved employee until the employee has attempted to implement the procedures and found them so." Nothing in the record shows any effort on the part of the plaintiff to use the contract grievance procedures either individually or through the union.

The contract grievance provisions of the collective bargaining contract were mandatory on the plaintiff. Subsection 10.01, quoted above, which provides that grievances "shall" be presented by the employee or by the union, was a command that the grievance procedure, leading to arbitration, be used. The only option it gave plaintiff was that of initiating the grievance personally or through the union. It did not give her the option of disregarding the entire grievance and arbitration procedure in favor of a law suit. The plaintiff having failed to attempt, let alone exhaust, her

remedies under the contract cannot maintain this action against defendant.

Decree affirmed.

HOFFMAN, J., took no part in the consideration or decision of this case.